TARRANCE D. JENKINS,

        Petitioner,

v.                                                   Case No. 19-cv-566-pp

GARY MITCHELL,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO.1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On April 19, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction in Milwaukee County Circuit Court. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Rule 4 Screening**

    A.    <u>Standard</u>

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

1

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

2

B.  The Petition

The petitioner states that in September of 2015, a jury convicted him of party to a crime of endangering safety/ reckless use of a firearm. Dkt. No. 1 at 2. He indicates that he filed an appeal of his conviction in 2017 and petitioned for review in the Wisconsin Supreme Court in 2018. Id. at 3. The Wisconsin Supreme Court denied his petition for review on October 9, 2018. Id. He did not describe any other efforts to seek post-conviction relief. Id. at 4-6.

The petitioner alleges only one ground for relief:

> The state have violated my 14th Amendment due process rights under Federal Constitutional Law that was done by the actions of the trial court. All of the charge and actions were legaled dismissed with prejudice with no other remaining charges before the court in relation to the defendant, the court than rescind it's order dismissing this case with prejudice. My 14th Amendment due process rights were violated by the actions of the trial court.

Id. at 6. He says that on direct appeal, he argued that the "trial court lost competence when it granted the motion to dismiss this action with prejudice," as well as sufficiency of the evidence; he made the same arguments to the Supreme Court. Id. at 3. He asks the court to vacate the conviction and remand the case to Milwaukee County Circuit Court with instructions for it to enter a judgment of not guilty. Id. at 12.

The Court of Appeals decision, which the petitioner attached, might have shed a bit of light on the petitioner's claim, but several pages of that decision—including the critical page containing paragraphs 5, 6 and 7—are missing. Dkt. No. 1-2. A review of the public docket shows that the defendant's criminal trial was scheduled for September 21, 2015, but on that date, the state asked for an

3

adjournment of the trial. State v. Jenkins, Case No. 2015CF002559 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. The court adjourned the trial to the following day so that defense counsel could review a missing portion of an interview with the defendant. The next day—September 22, 2015—the state asked the court to dismiss the case without prejudice due to the unavailability of a witness; defense counsel asked that the dismissal be with prejudice. Id. The court granted the *defense* motion and dismissed with prejudice. The state then moved to reconsider and asked to proceed to trial, a request to which the defense objected. At that point, the court withdrew its order granting the defendant's motion to dismiss with prejudice and allowed the case to proceed to trial. Id.

With this information from the public docket as background, the portions of the Court of Appeals decision the petitioner provided indicate that the petitioner is alleging that when the trial court granted the defendant's motion to dismiss with prejudice, it lost the competency to exercise its jurisdiction. See Dkt. No. 1-2 at 4-5. At this early screening stage, the petitioner appears to have stated a claim. He also appears to have filed his petition within the one-year limitation period (filing it six months after the Wisconsin Supreme Court denied his petition for review, and three months after the deadline for him to have petitioned the U.S. Supreme Court for *certiorari)* and appears to have exhausted his state court remedies. At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to

4

relief on his alleged grounds. The court will require the respondent to respond in compliance with Rule 5 of the Rules Governing §2254 Cases.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the ground stated in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

5

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**